UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HERIBERTO GIERBONLINI ORTIZ, | ) ) ) | Case No. 4:24-cv-00033 |
| Plaintiff, | ) ) | Judge J. Philip Calabrese |
| v. | ) ) ) | Magistrate Judge Reuben J. Sheperd |
| CITY OF YOUNGSTOWN, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

## OPINION AND ORDER

On November 3, 2025, Plaintiff filed two motions: one requesting leave to correct a purportedly mistaken omission from an expert report, and the other seeking to extend the deadlines discovery and dispositive motions to December 8, 2025. Defendants oppose both motions. For the reasons that follow, the Court **DENIES** Plaintiff's motion for leave to correct the expert report of Dr. Villaplana (ECF No. 38) and **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to extend the discovery and dispositive motions deadlines (ECF No. 39). Specifically, the Court **DENIES** Plaintiff's motion to extend the discovery deadline but **GRANTS** Plaintiff's motion to extend the dispositive motion deadline to December 8, 2025.

## PROCEDURAL BACKGROUND

Following an unsuccessful mediation on April 30, 2025, the Magistrate Judge set multiple deadlines on June 6, 2025. (ECF No. 31.) Specifically, the Magistrate Judge set the deadline for Defendants' expert reports for July 7, 2025, the deadline

to complete expert discovery for September 8, 2025, and the deadline for filing dispositive motions for November 7, 2025. (*Id.*) On July 9, 2025, the Magistrate Judge granted the parties' joint request to extend the deadline for expert discovery to October 6, 2025. (Minutes, July 9, 2025.)

On November 3, 2025, Plaintiff filed two motions. The first motion seeks leave to correct a purportedly mistaken omission from the February 7, 2025 expert report of Dr. Luis Villaplana, Plaintiff's primary care physician. (ECF No. 38, PageID #180–81.) According to Plaintiff, Dr. Villaplana "reviewed the underlying hospital bills, evaluated Mr. Ortiz, and prepared a report stating that the hospital charges were 'appropriate, usual, and customary,' and that the length of his stay was appropriate." (*Id.*, PageID #181.) However, Plaintiff claims that Dr. Villaplana "accidentally omitted his conclusion that the medical bills and hospital stay were related to the unlawful assault and arrest the Youngstown police [allegedly] committed." (*Id.*) Plaintiff seeks to "correct this omission" with an updated report from Dr. Villaplana that includes his alleged "original conclusion that the medical bills were the result of the violent assault, reckless and negligent misadministration of Narcan, and psychological trauma Mr. Ortiz suffered at the hands of the Youngstown police." (*Id.*; ECF No. 38-1.)

Plaintiff's second motion requests that the Court extend the discovery deadline and the deadline to file dispositive motions to December 8, 2025. (ECF No. 39, PageID #186.) Plaintiff argues that the former lead counsel responsible for this matter departed his law firm, that another attorney on the case is on paternity leave until

2

November 24, 2025, and that another attorney has "been actively engaged in two criminal jury trials" which has limited his availability to participate in this matter. (*Id.*) Further, Plaintiff claims that, despite his "diligent efforts to communicate with Plaintiff's treating physician," those efforts have been "hindered" because the physician has been out of the office due to illness and unavailable for consultation. (*Id.*, PageID #187.) Therefore, Plaintiff requests an extension of time to prepare his expert rebuttal. (*Id.*)

## ANALYSIS

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if . . . a request is made . . . before the original time or its extension expires; or . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(A)–(B). In other words, if a plaintiff seeks to extend a deadline *after* the original time to file has passed, he must demonstrate excusable neglect under Rule 6(b)(1)(B). *See Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 266 (6th Cir. 2009). If a plaintiff seeks to extend a deadline *before* the original time to file has passed, he must demonstrate good cause. *See* Fed. R. Civ. P. 6(b)(1)(A); *Ott v. Federal Home Loan Mortg. Corp.*, 535 F. App'x 488, 489 (6th Cir. 2013).

### I. Plaintiff's Motion to Correct Expert Report

In this case, the deadline to complete discovery was October 6, 2025. (Minutes, July 9, 2025.) Nearly a month later, and nearly nine months after production of Dr. Villaplana's expert report on February 7, 2025, Plaintiff seeks leave to correct a purported omission from it with an updated report from Dr. Villaplana that includes

3

his "original conclusion that the medical bills were the result of the violent assault, reckless and negligent misadministration of Narcan, and psychological trauma Mr. Ortiz suffered at the hands of the Youngstown police." (ECF No. 38, PageID #181; ECF No. 38-1.) Defendants argue that this corrected report "is, in substance, a brand-new report offering opinions and analyses that Defendants have had no opportunity to rebut or explore through deposition." (ECF No. 41, PageID #194.)

Plaintiff's only excuse for not noticing this alleged omission for nearly nine months after the expert report was provided was that "[c]ounsel took [the report] for granted, because the expert report was prepared in advance of litigation, specifically tailored to the facts, and clearly based on the incident where Mr. Ortiz was brutalized and unlawfully detained by the police." (ECF No. 38, PageID #182.) But a nine-month delay in raising the issue does not show the diligence ordinarily expected of parties and their counsel in litigation. *E.E.O.C.*, 2007 WL 1024426, at *1 (citation omitted). Although a party must supplement expert disclosures under Rule 26(e), supplementation generally means an obligation to update reports and opinions in response to new material information. It is not an opportunity to sandbag an opposing party or to make a belated disclosure that was otherwise within the expert's power to make in the first instance.

In this case, the record does not show good cause to adjust the schedule and allow the belated disclosure, which would trigger a request for further examination of Dr. Villaplana, a potential request for supplementation or additional experts from Defendants, or other discovery. Additionally, at the summary judgment stage, there

4

is likely no prejudice to the movant. The Court can adjudicate the forthcoming dipositive motion(s) on the record as it stands. Whether the omission of the opinion at issue matters at trial remains to be seen. At any rate, its unavailability has been within the control of Plaintiff and Dr. Villaplana for quite some time.

For these reasons, the Court finds that Plaintiff fails to make a showing of good cause to correct the expert report. Therefore, the Court **DENIES** Plaintiff's motion for leave to correct the expert report of Dr. Villaplana. (ECF No. 38.)

## II. Plaintiff's Motion to Extend Deadlines

Next, Plaintiff seeks to extend deadlines for discovery and dispositive motions. (ECF No. 39, PageID #186–87.)

### II.A. Motion to Extend Discovery Deadline

The deadline to complete expert discovery was originally set for September 8, 2025. (ECF No. 31.) Then, the Magistrate Judge granted the parties' joint request to extend the deadline to October 6, 2025. (Minutes, July 9, 2025.) Nearly a month after the expert discovery deadline passed, Plaintiff seeks leave to extend the deadline to December 8, 2025. (ECF No. 39, PageID #186–87.) Because this request comes after the deadline, the Court assesses whether Plaintiff has established excusable neglect pursuant to Rule 6(b)(1)(B). *Howard*, 306 F. App'x at 266.

"The determination of excusable neglect is 'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick. Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). In such circumstances, this Circuit and the Supreme Court assess five factors to consider when determining whether a plaintiff has sufficiently demonstrated excusable

5

neglect: (1) "the danger of prejudice to the nonmoving party"; (2) the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay"; (4) whether the delay was within the reasonable control of the moving party"; and (5) "whether the late-filing party acted in good faith." *Id.* at 266–67 (citing *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006)); *Pioneer*, 507 U.S. at 395.

Plaintiff already had the deadline for expert discovery extended once, and waited nearly a month after the deadline had passed to seek another extension. Moreover, Plaintiff's explanation for the delay is unpersuasive. As Defendants observed, Plaintiff's former lead counsel was replaced in March 2025, more than seven months ago. (ECF No. 30; ECF No. 40, PageID #190.) Further, the attorney who is on paternity leave has not filed a notice of appearance in this matter. (*See generally* Docket, Case No. 4:24-cv-00033; ECF No. 40, PageID #190.) While the Court appreciates that Plaintiff's other counsel may be occupied with two criminal jury trials, counsel was have been on notice of these trials well in advance of the extended expert discovery deadline and could have anticipated filing a motion for another extension in advance of that deadline, especially in light of Plaintiff's difficulty getting in contact with his treating physician. (ECF No. 39, PageID #187.) Therefore, such a delay was within the reasonable control of the moving party. *Pioneer*, 507 U.S. at 395.

For these reasons, the majority of the *Pioneer* factors support the Court's determination that Plaintiff has failed to demonstrate excusable neglect for his delay in seeking to extend the deadline for expert discovery. *Id.* Accordingly, the Court

**DENIES** Plaintiff's motion to extend the expert discovery deadline to December 8, 2025. (ECF No. 39.)

### II.B. Motion to Extend Dispositive Motions Deadline

The deadline to file dispositive motions is November 7, 2025. (ECF No. 31.) Because Plaintiff moved to extend this deadline before the deadline passed, the Court assesses whether Plaintiff has established good cause pursuant to Rule 6(b)(1)(A). *Ott*, 535 F. App'x at 489. In the context of Rule 16, the Sixth Circuit notes that "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citations omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* (citation omitted). "It is well settled that the good-cause determination is left to the Court's sound discretion, and [the plaintiff] bears the burden to establish good cause." *Wise v. Department of Def.*, 196 F.R.D. 52, 54 (S.D. Ohio 1999) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994) (evaluating good cause in the context of Rule 4)).

Defendants oppose an extension claiming prejudice. (*See generally* ECF No. 40.) They argue that "[a]ny more delays would be especially prejudicial to the Defendants who are entitled to have the Court resolve the issue of qualified immunity at the earliest possible opportunity." (*Id.*, PageID #191.) But Defendants fail to explain how a 30-day extension will prejudice defendants with a qualified immunity defense. Rather, *Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015) (citations omitted), makes the unremarkable observation that "an officer's 'entitle[ment] to

7

qualified immunity is a threshold question to be resolved at the earliest possible point,'" which "is usually summary judgment and not dismissal under Rule 12." Further, the Supreme Court in *Siegert v. Gilley*, 500 U.S. 226, 232 (1991), merely observed that qualified immunity may spare defendants from "unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." .

In any event, the Court already granted Defendants' motion for leave to exceed the page limit for their motion for summary judgment. (ECF No. 37.) An additional 30 days will allow Defendants time to find ways to shorten that briefing so that they may comply with the original page limits set out in the Local Rules. Therefore, the Court determines that any possible prejudice to Defendants in extending the dispositive motion deadline does not outweigh a determination of good cause for Plaintiff. *Inge*, 281 F.3d at 625.

For these reasons, the Court finds that Plaintiff has demonstrated good cause to extend the dispositive motion deadline. Accordingly, the Court **GRANTS** Plaintiff's motion to extend the dispositive motion deadline to December 8, 2025. (ECF No. 39.)

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for leave to correct the expert report of Dr. Villaplana (ECF No. 38) and **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to extend the discovery and dispositive motions deadlines (ECF No. 39). Specifically, the Court **DENIES** Plaintiff's motion

to extend the discovery deadline but **GRANTS** Plaintiff's motion to extend the dispositive motion deadline to December 8, 2025.

  **SO ORDERED.**

Dated: November 4, 2025

                 J. Philip Calabrese
                 United States District Judge
                 Northern District of Ohio